**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

ANDRES GOMEZ,

                Plaintiff,

     v.

CALERES, INC. d/b/a FAMOUS FOOTWEAR,

                Defendant.

Case No.

Filed Electronically

## **COMPLAINT FOR INJUNCTIVE RELIEF**

Comes now Andres Gomez, ("Plaintiff") on behalf of himself and alleges as follows:

## **INTRODUCTION**

1.      Plaintiff Andres Gomez brings this action individually and on behalf of all others similarly situated against Caleres, Inc. d/b/a Famous Footwear ("Defendant"), alleging violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, (the "ADA") and its implementing regulations.

2.      Plaintiff is a blind individual. He brings this civil rights action against Defendant for failing to design, construct, and/or own or operate Point of Sale Devices ("POS Devices") that are fully accessible to, and independently usable by, blind people.[1]

3.      Specifically, the POS Devices in Defendant's stores throughout the State of Florida are not fully accessible to, and independently usable by, blind people. Instead, the POS Devices

---

[1] By "POS Device," Plaintiff refers to the electronic device used by a customer at the point of purchase that allows the customer to pay for items with a debit, credit, or other electronic funds card.

have surfaces with features that are not discernible to individuals who are blind or visually impaired.

4.      To make a debit card purchase using Defendant's POS Devices, a customer must enter their Personal Identification Number ("PIN"). However, because a blind or visually impaired individual cannot discern the numerical references displayed on the keypad of the POS Device, said individual does not have the ability to independently make a debit purchase. Instead, the blind or visually impaired consumer must divulge their PIN number in order to complete a debit transaction.

5.      Defendant's use of inaccessible POS Devices discriminates against blind and visually impaired consumers in violation of the ADA.

6.      POS Devices with tactilely discernible keypad surfaces—which are independently usable by a blind or visually impaired individual—are readily available and in fact used by a substantial percentage of retail merchants.

7.      Plaintiff intends to continue to be a customer of Defendant's retail stores, and desires to make future payments by debit card. However, unless Defendant is required to install ADA compliant POS Devices, Plaintiff will continue to be unable to independently make payments for any purchases by debit card.

8.      Therefore, Plaintiff seeks a declaration that Defendant's POS Devices violate federal law as described and an injunction requiring Defendant to update or replace all POS Devices that are in violation of the mandatory requirements of the ADA so that they are fully accessible to, and independently usable by, blind or visually impaired individuals. Plaintiff further requests that, given Defendant's historical failure to comply with the ADA's mandate, over a period of many years, the Court retain jurisdiction of this matter for a period to be determined to ensure that Defendant comes into compliance with the relevant requirements of the ADA and to ensure

that Defendant has adopted and is following an institutional policy that will, in fact, cause Defendant to remain in compliance with the law.

## THE ADA AND ITS IMPLEMENTING REGULATIONS

9.    On July 26, 1990, President George H.W. Bush signed into law the ADA, a comprehensive civil rights law prohibiting discrimination on the basis of disability.

10.    The ADA broadly protects the rights of individuals with disabilities in employment, access to State and local government services, places of public accommodation, transportation, and other important areas of American life.

11.    Title III of the ADA prohibits discrimination in the activities of places of public accommodation and requires places of public accommodation to comply with ADA standards and to be readily accessible to, and independently usable by, individuals with disabilities. 42 U.S.C. § 12181-89.

12.    Defendant owns, operates, controls and/or leases a place of public accommodation.

13.    Defendant's POS Devices located in its physical establishments are not fully accessible to, and independently usable by, blind individuals.

14.    While Defendant has centralized management policies regarding its POS Devices, those policies are inadequate, and Defendant's POS Devices continue to be inaccessible to, and not independently usable by, visually impaired individuals.

## JURISDICTION AND VENUE

15.    This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 and 42 U.S.C. § 12188.

16.    Plaintiff's claims asserted herein arose in this judicial district and Defendant does substantial business in this judicial district.

17.     Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2) in that this is the judicial in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

18.     Plaintiff, Andres Gomez, is and, at all times relevant hereto, was a resident of the state of Florida. Plaintiff is and, at all times relevant hereto, has been legally blind and is therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(2) and the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq*.

19.     Defendant is conducting substantial business activity in this judicial district, thereby availing itself to this Court's jurisdiction. Defendant is a public accommodation pursuant to 42 U.S.C. § 12181(7)(F).

## VIOLATIONS AT ISSUE

20.     In June of 2021, Plaintiff visited Defendant's retail store located at 6316 Lantana Rd. Suite 47 and 48 Lake Worth, FL 33463.

21.     Plaintiff attempted to make a purchase with a debit card but was unable to make the purchase independently because, at the time of the visit, Defendant's POS Device was not fully accessible to, and independently usable by, blind people, as above described.

22.     Based upon an investigation performed on Plaintiff's behalf, Plaintiff alleges that a significant number of the other POS Devices in Defendant's stores are similarly not independently usable by the blind or visually impaired.

23.     Defendant does not provide any auxiliary aids or services calculated to make its POS Devices fully accessible to, and independently usable by, blind people.

24.     As a result of Defendant's non-compliance with the ADA, Plaintiff, unlike persons without visual impairments, cannot independently make a card purchase at Defendant's

stores.

25.     Defendant's non-compliance threatens blind people with the loss of their private banking information. Blind people who wish to make a debit purchase at Defendant's stores have no choice but to reveal their private PINs to others to complete the debit purchase.

26.     Though Defendant has centralized policies regarding the management and operation of its POS Devices, Defendant has never had a plan or policy that is reasonably calculated to make its POS Devices fully accessible to, and independently usable by, blind people.

27.     Plaintiff has actual knowledge of the fact that Defendant's POS Devices lack the elements required to make them fully accessible to, and independently usable by, blind people.

28.     As a blind individual, Plaintiff has a keen interest in whether public accommodations that offer debit purchases through POS Devices are fully accessible to, and independently usable by, the blind.

29.     Plaintiff intends to return to certain of Defendant's stores to shop and to ascertain whether they remain in violation of the ADA.

30.     Without injunctive relief, Plaintiff will continue to be unable to independently use Defendant's POS device in violation of his rights under the ADA.

## SUBSTANTIVE VIOLATION

31.     The allegations contained in the previous paragraphs are incorporated by reference.

32.     Defendant has discriminated against Plaintiff in that it has failed to make its POS Devices fully accessible to, and independently usable by, individuals who are blind in violation of 42 U.S.C. § 12182(a) as described above.

33.     Defendant has discriminated against Plaintiff in that it has failed to provide

auxiliary aids and services calculated to make its POS Devices fully accessible to, and

independently usable by, individuals who are blind in violation of 42 U.S.C. § 12101, 12102(2)

and 28 C.F.R. § 36.101 *et seq*. Providing the auxiliary aids and services mandated by the ADA

would neither fundamentally alter the nature of Defendant's business nor result in an undue

burden to Defendant.

34.     Defendant's conduct is ongoing, and, given that Defendant has not complied with

the ADA's requirements that public accommodations make their POS Devices fully accessible

to, and independently usable by, blind individuals, Plaintiff invokes his statutory right to

declaratory and injunctive relief, as well as costs and attorneys' fees.

35.     Without the requested injunctive relief, specifically including the request that the

Court retain jurisdiction of this matter for a period to be determined after the Defendant certifies

that it is fully in compliance with the mandatory requirements of the ADA that are discussed

above, Defendant's non-compliance with the ADA's requirements that its POS Devices be fully

accessible to, and independently usable, by blind people is likely to recur.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff, on behalf of himself, prays for:

a.      A Declaratory Judgment that at the commencement of this action Defendant was
        in violation of the specific requirements of Title III of the ADA described above,
        and the relevant implementing regulations of the ADA, in that Defendant took no
        action that was reasonably calculated to ensure that all of its POS Devices were
        fully accessible to, and independently usable by, blind individuals;

b.      A permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR §
        36.504 (a) which directs Defendant to take all steps necessary to brings its POS
        Devices into full compliance with the requirements set forth in the ADA, and its
        implementing regulations, so that the POS Devices are fully accessible to, and
        independently usable by, blind individuals, and which further directs that the
        Court shall retain jurisdiction for a period to be determined after Defendant
        certifies that all of its POS Devices are fully in compliance with the relevant
        requirements of the ADA to ensure that Defendant has adopted and is following
        an institutional policy that will in fact cause Defendant to remain fully in

compliance with the law;

c.      Payment of costs of suit;

d.      Payment of reasonable attorneys' fees, pursuant to 42 U.S.C. § 12205 and 28 CFR § 36.505; and,

e.      The provision of whatever other relief the Court deems just, equitable and appropriate.

Respectfully Submitted,

*/s/ Alberto R. Leal*
Alberto R. Leal, Esq.
Florida Bar No.: 1002345
The Leal Law Firm, P.A.
8927 Hypoluxo Rd. #157
Lake Worth, FL 33467
Phone:561-237-2740
Facsimile: 561-237-2741
E-Mail: al@thelealfirm.com